JUDGE BRICCETTI

**11 CIV 909**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Sofia Balile, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Stephen P. Dewey, Esq.; and DOES 1-10, inclusive, | COMPLAINT |
| Defendants. | |

For this Complaint, the Plaintiff, Sofia Balile, by undersigned counsel, states [as] follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the [Fair] Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions [of] Plaintiff's personal privacy by the Defendants and their agents in their illegal effor[ts to] collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in [that] the Defendants transact business in this District and a substantial portion of the acts gi[ving r]ise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Sofia Balile ("Plaintiff"), is an adult individual residi[ng in] [New] Jersey City, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a[.]

5. The Defendant, Stephen P. Dewey, Esq. ("Dewey"), is an individua[l resi]ding in Ossining, New York, operating as an attorney, and is a "debt collector" as the term [is de]fined by

1

15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by :y and whose identities are currently unknown to the Plaintiff. One or more of the Collec ıay be joined as parties once their identities are disclosed through discovery.

7. Dewey at all times acted by and through one or more of the Collecti

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A financial obligation (the "Debt") was incurred to a creditor (the " tor").

9. The Debt arose from services provided by the Creditor which were rily for family, personal or household purposes and which meets the definition of a "debt" 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Dewey for colle , or Dewey was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Dewey Engages in Harassment and Abusive Tactics

12. Within the last year, Dewey contacted Plaintiff in an attempt to coll oemi Ramos Oyola's debt.

13. On or around October 14, 2010 Dewey sent Plaintiff a letter asking ıer Plaintiff had time to answer an Information Subpoena and threatening Plaintiff wit gal action.

14. Via facsimile, Plaintiff informed Dewey that she had not received tl ıve-

mention Information Subpoena.

15. Plaintiff also stated that she had no knowledge of debtor's whereabouts and requested that Dewey remove Plaintiff's name and address from Dewey's records.

16. However, on November 17, 2011, Dewey sent Plaintiff another letter stating that unless Plaintiff complied with the Information Subpoena, Dewey would "proceed with the provisions of Article 52 of the CPLR" and require that Plaintiff "appear in Court at a deposition to give testimony in aid in the enforcement of the Judgment existing in our [Dewey's] favor of my [Dewey's] client."

## C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in

connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

27. The Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully set forth herein at length.

28. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

29. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

30. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

31. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named the Defendants, jointly and severally, awarding Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 7, 2011

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor

5

Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff