Stephen P. Dewey (SD1354)
1 Gilbert Park
Ossining NY 10562
Mailing Address:
P.O. Box 2511
Briarcliff Manor NY 10510
(914) 923-6401

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK            Civil Action No: 11 CIV 9090
-------------------------------------------------------------------X

SOFIA BALILE,
                                    Plaintiff,
                -against-                                                      **ANSWER**
                                                                with
STEPHEN P. DEWEY, ESQ., et. al.,                              **COUNTERCLAIM**
                                    Defendant.
-------------------------------------------------------------------X

       STEPHEN P. DEWEY, ESQ., now appears and in answering the Plaintiff, respectfully alleges upon information and belief as follows states as follows:

## JURISDICTION AND PARTIES

1. Defendant acknowledges paragraphs numbered "1", "2", and "3" in the Complaint.

## PARTIES

2. Defendant denies knowledge or lacks information sufficient to state an answer to paragraphs numbered "4" in the Complaint. Defendant is not a "consumer" as defined by 15 U.S.C. § 1692(a)(3), *et. seq.* and refers all questions of law to the Trial Court for determination as to the applicability of 15 U.S.C. § 1692, *et. seq.* Moreover, Plaintiff conveniently fails to inform this Court that she is an Attorney duly licensed to practice law in the State of New York.

3. Defendant admits, in part, that Defendant is an Attorney engaged in the practice of law, and denies the remaining part as to references of "debt collector" as defined by 15 U.S.C. § 1692(a)(6), *et. seq.,* as an answer to paragraph numbered "5" in the Complaint, and refers all questions of law to the Trial Court for determination as to the applicability of 15 U.S.C. § 1692, *et. seq.*

1

4.  Defendant denies the allegations of "collectors employed", and lacks information sufficient to state an answer to paragraphs numbered "6" and "7" in the Complaint, and refers all questions of law to the Trial Court for determination as to the applicability of 15 U.S.C. § 1692, *et. seq.*

### ANSWER TO ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

5.  Defendant denies knowledge and lacks information sufficient to state an answer to paragraphs numbered "8" in the Complaint as Plaintiff is not a "consumer" as defined by 15 U.S.C. § 1692(a)(3), *et. seq.* and refers all questions of law to the Trial Court for determination as to the applicability thereunder.

6.  Defendant denies the allegation of a debt being "purchased, assigned, etc." and lacks information sufficient to state an answer to paragraph numbered "10" in the Complaint, and refers all questions of law to the Trial Court for determination as to the applicability of 15 U.S.C. § 1692, *et. seq.*

7.  Defendant denies knowledge or lacks information sufficient to state an answer to paragraphs numbered "11" in the Complaint, and refers all questions of law to the Trial Court for determination as to the applicability of 15 U.S.C. § 1692, *et. seq.*

**B. Dewey Engages in Harassment and Abusive Tactics**

8.  Defendant denies knowledge and lacks information sufficient to state an answer to paragraphs numbered "12", "13", "14", "15" and "16", as to the applicability defined by 15 U.S.C. § 1692, *et. seq.* and refers all questions of law to the Trial Court for determination thereunder.  Moreover, Plaintiff is an Attorney duly licensed to practice law in the State of New York and subject to the jurisdiction.

**C. Plaintiff Suffered Actual Damages**

9.  Defendant denies knowledge and lacks information sufficient to state an answer to paragraphs numbered "17" and "18" in the Complaint.

## COUNT I

10. Defendant denies knowledge and lacks information sufficient to state an answer to paragraphs numbered "19", "20", "21", "22", "23", "24", "25" and "26", as to the applicability defined by 15 U.S.C. § 1692, *et. seq.* and refers all questions of law to the Trial Court for determination thereunder.

## COUNT II

11. Defendant denies knowledge and lacks information sufficient to state an answer to paragraphs numbered "27", "28", "29", "30" and "31", as to the applicability defined by Article 22A of the NY GBL, *et. seq.* and refers all questions of law to the Trial Court for determination thereunder.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 11 thereof.

13. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because the Court lacks *in personam* jurisdiction over the Defendant, and, by reason thereof, each cause of action should be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 13 thereof.

15. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because the Plaintiff lacks standing; and by reason thereof, each cause of action should be dismissed.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

16. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 15 thereof.

17. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because Plaintiff fails to set forth or allege facts sufficient to state a claim; and by reason thereof, each cause of action should be dismissed.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

18. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 17 thereof.

19. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because the Plaintiff has failed to name and/or join all necessary parties to the action; and by reason thereof, each cause of action should be dismissed.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

20. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 18 thereof.

21. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained pursuant to the Doctrine of Laches; and by reason thereof, each cause of action should be dismissed.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

22. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 19 thereof.

23. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained pursuant to the Attorney's Doctrine of Fair and Good Faith dealings; and by reason thereof, each cause of action should be dismissed.

## AS AND FOR A COUNTERCLAIM

24. That Defendant demands sanctions in the form of legal fees unjustly incurred in defense of Plaintiff's wasteful and frivolous action in the amount $5,000.00.  This Court may, in its discretion, award costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees resulting from frivolous conduct as defined in Rule 11, and/or under the spirit intended under the Lawsuit Abuse Reduction Act, and/or in accordance with 22 NYCRR 130-1.1(c) to any party or attorney in a civil action and, in addition or in lieu of awarding costs, may impose financial sanctions upon any party or attorney who engages in such frivolous conduct. 22 NYCRR 130-1.1(a).

25. That your deponent has been admitted to the practice of law in the State of New York, and is actively engaged in litigation in the Justice, City, Civil and Supreme Courts of the State of New York, as well as, within the respective Federal District and Bankruptcy Courts of New York.

26. That upon information and belief, Plaintiff is duly-licensed as an Attorney engaged in the practice of law in the State of New York, and as such, is subject to its jurisdiction and cognizant of the laws thereunder.

27. That the counterclaim/sanctions for the reasonable value of legal services rendered in a litigated action in Federal Civil Courts, to include, but not limited to, related work in defense of the Plaintiff's frivolous action expected to exceed the amount of Five Thousand and 00/100 ($5,000.00) Dollars.

28. That the counterclaim/sanctions for the reasonable value of Defendant's potential increased fees for malpractice insurance due to notification of Defendant's carrier to defend the Plaintiff's frivolous action and Defendant may suffer increased costs to insure coverage for Defendant's legal career, and Defendant should be rewarded punitive damages as a result of Plaintiff's egregious and frivolous action.

**WHEREFORE,** Defendant demands Judgment dismissing the Plaintiff's Complaint, and award Defendant with costs, reasonable attorney's fees and/or punitive damages, and for any such further relief as the Court may deem just and appropriate.

Dated:  Ossining, New York
        January 16, 2012

      /s/ Stephen P. Dewey
STEPHEN P. DEWEY (SD1354)
Defendant
1 Gilbert Park
Ossining NY 10562
Mailing Address:
P.O. Box 2511
Briarcliff Manor NY 10510
(914) 923-6401